# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CLIFTON DORA,<br><br>Plaintiff,<br><br>v.<br><br>FNU BLAKE,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 6:18-CV-00071-JDL<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Blake Miles's ("Defendant") Motion for Summary Judgment (Doc. No. 29). Plaintiff Clifton Dora ("Plaintiff") was ordered to file any response to Defendant's Motion by June 3, 2019. (Doc. No. 32.) Plaintiff never submitted any response by the deadline. Accordingly, the Court presumes Plaintiff does not controvert the facts set out by Defendant and has no evidence to offer in opposition to Defendant's Motion. Local R. CV-7(d); *see also* Fed. R. Civ. P. 56(e)(2) (permitting a court to consider a fact undisputed for purposes of summary judgment when a nonmovant fails to properly address another party's assertion of fact). Having considered Defendant's Motion (Doc. No. 29) and the record before the Court, the Court **ORDERS** that Defendant's Motion (Doc. No. 29) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff initiated the instant lawsuit on October 11, 2017, based upon the prison mailbox rule, naming "Blake Henderson Co. Jail" as Defendant. (Doc. No. 1.) In his Complaint, Plaintiff claims he was taken to the hospital on September 23, 2017, due to pain in his lower back and left leg. (Doc. No. 1, at 4.) Plaintiff claims that at the hospital he was diagnosed with "a bone

disease, arthritis & [a] bad disc in [his] lower back." (Doc. No. 1, at 4.) Plaintiff alleges the hospital physician prescribed him several medications. (Doc. No. 1, at 4.) In the grievance form attached to his Complaint, Plaintiff indicates these medications included "hydrocodone and Tylenol 3" and a steroid medication. (Doc. No. 1-1, at 1–2.) Plaintiff claims that he was given "gariopen"[1] and Tylenol, but "Blake" denied Plaintiff other medication. (Doc. No. 1, at 3–4.) Defendant Blake Miles has filed an Answer in response to these allegations. (Doc. No. 19.) On October 5, 2018, Defendant filed the instant Motion for Summary Judgment. (Doc. No. 29.) Plaintiff was ordered to file any response to Defendant's Motion no later than June 3, 2019, however, Plaintiff failed to file any response with the Court. (Doc. No. 32.)

## LEGAL STANDARDS

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Davis v. Ford Bend County*, 765 F.3d 480, 484 (5th Cir. 2014). The party seeking summary judgment bears the initial responsibility to demonstrate there is no genuine issue of material fact. *Id.* (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* (citing *Celotex*, 477 U.S. at 324). The Court must consider summary judgment proof in light most favorable to the nonmovant. *Id.* However, "[a] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.* (internal quotations omitted).

---

[1] The record before the Court suggests that Plaintiff is likely referring to gabapentin, a drug used to treat nerve inflammation and pain. (Doc. No. 29, at 3.)

## DISCUSSION

In his Motion, Defendant argues: (1) he was not deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment right against cruel and unusual punishment; and (2) Defendant is not liable in his official capacity because he did not follow an unconstitutional policy or custom of his employer that was a moving force behind any harm that Plaintiff may have suffered. (Doc. No. 29, at 5–9.) Plaintiff has not responded to any of these arguments.

Defendant attaches to his Motion an affidavit of Blake Miles. (Doc. No. 29, Ex. 1.) Defendant was a nurse employed by Southern Health Partners, which contracted with Henderson County to provide healthcare services to inmates housed at Henderson County Jail. *Id.* On September 23, 2017, Plaintiff was transported to East Texas Medical Center—Athens for complaints of pain in his legs. *Id.* That same day, Plaintiff was diagnosed with a degenerative lumbar disc, facet joint disease, and neuropathic radicular pain (left lower extremity) and was discharged back to Henderson County Jail. *Id.*

Upon discharge, the hospital physician wrote Plaintiff a prescription for prednisone (a steroid used to treat bone, joint, and nerve inflammation), acetaminophen-codeine (a pain reliver which contains an opioid), and gabapentin (a drug used to treat nerve inflammation and pain). *Id.* Upon Plaintiff's return to Henderson County Jail, a different nurse contacted the jail doctor regarding the hospital orders and the jail doctor only approved the prednisone and gabapentin medication. *Id.* Plaintiff was already receiving acetaminophen (without codeine) prior to his hospital visit per the jail doctor's orders. *Id.*

As a nurse, Defendant lacked authority to prescribe Plaintiff prescription medication and did not participate in the jail doctor's decision to not administer codeine. *Id.* Defendant

administered Plaintiff's prescribed medications at "pill call" in accordance with the jail doctor's orders. *Id.* Subsequent to filing this lawsuit, on January 14, 2018, Plaintiff fractured his jaw while in the custody of Henderson County Jail. *Id.* After this injury, the jail doctor prescribed tramadol, an opioid analgesic similar to codeine, for Plaintiff's pain. *Id.* Plaintiff began receiving tramadol on January 17, 2018, in accordance with the jail doctor's orders. *Id.*

The Eighth Amendment of the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. An Eighth Amendment violation involves two prongs. First, the alleged violation must be "sufficiently serious" to "result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second prong limits Eighth Amendment violations only to the "unnecessary and wanton infliction of pain." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). To satisfy the second prong, a prison official must act with "'deliberate indifference' to inmate health or safety." *Id.* Deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference towards an inmate's serious medical needs may be the basis for an Eighth Amendment violation. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

Here, the record before the Court fails to show any that any reasonable jury could find that Plaintiff's Eighth Amendment rights were violated. A jail doctor may exercise his medical judgment to discontinue the use of narcotic pain medication—which had been prescribed by

hospital doctors—and to, instead, substitute different pain medication that is not a narcotic. *James v. UTMB Med. Ctr.*, No. 6:09-CV-489, 2010 WL 3429583, at *3 (E.D. Tex. Aug. 27, 2010) (citing *Williams v. Bearry*, 273 F.3d 1096, 2001 WL 1085197, at *3 (5th Cir. 2001) (unpublished)) ("Similarly, a unit doctor's decision to discontinue the use of narcotic pain medication, which had been recommended by hospital doctors, and to substitute NSAIDs in the place of narcotic pain medication does not amount to deliberate indifference.").

In the instant case, the jail doctor concurred with the hospital doctor and ordered Plaintiff be administered prednisone, acetaminophen, and gabapentin to alleviate Plaintiff's pain. The jail doctor, however, declined to administer Plaintiff codeine, an opioid. When Plaintiff suffered additional injuries several months later, the jail doctor prescribed tramadol, an opioid, for Plaintiff's pain. The record fails to show that the jail doctor's decision to not provide Plaintiff codeine was the result of deliberate indifference toward Plaintiff's serious medical needs.

Moreover, the record indicates that Defendant, as a nurse, lacks authority to prescribe medication and did not participate in the decision to not provide Plaintiff codeine. It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant."). Here, the record fails to show Defendant was personally involved in any alleged constitutional violation because it was the jail doctor, not Defendant, who ordered that Plaintiff not be administered codeine.

Accordingly, no reasonable jury could find for Plaintiff. For these reasons, dismissal of this action is appropriate.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the undersigned to conduct all proceedings and order the entry of judgment in this case. (Doc. No. 23.) Accordingly, for the reasons discussed herein, the Court **ORDERS** that Defendant's Motion (Doc. No. 29) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**. Any other pending Motions are **DENIED** as **MOOT**.

**So ORDERED and SIGNED this 8th day of August, 2019.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE